UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | 4:15-CR-24-2 |
| v. | * | |
| | * | |
| DESALSHIA A. WILLIAMS | * | |
| | * | |
| Defendant. | * | |
| | * | |

## SUPPLEMENTAL SENTENCING MEMORANDUM

### This Case Falls Outside the Heartland of the Guidelines.

1. Grant was a coercive force because of his use of physical violence, including the usage of a gun.
   a. The PSI report states that Grant received a life sentence for what he did, victimizing the minors in this case.
   b. Likewise, Williams was victimized and controlled by Grant.
   c. Koon v. United States, 518 US 81 (1996) was decided before the USSG became advisory in 2005 under US v. Booker, 543 US 220 (2005). The USSG became advisory because the Court needed to encourage *reasonableness* **in the sentencing process.**

2. Williams is awarded a 2 point reduction for playing a minor role in this case. That reduction, however, does not reduce her sentence under the current calculation.

1

   a. Under 18 USC 3553, that 2 point reduction should be understood, reasonably, to cap her sentence to not more than 10 years.

3. The PSI acknowledges that there are several redeeming and mitigating circumstances in favor of a more rational sentence for Williams, which are the following:
   a. The second unenumerated paragraph states that Williams' **lack of any prior criminal record is a mitigating factor** for this court to consider;
   b. Williams did have one prior arrest for shoplifting, but it was dismissed;
   c. Williams, the daughter of ministers, would assist her family members who were ill and would style their hair;
   d. She was "reared in an apparently stable household with both parents;"
   e. Her lesser role granted her a reduction under the USSG, but that "did not lower the advisory guideline range."

4. Duration of the offense: While Williams participated in criminal conduct in this case, her participation only lasted for approximately six months. Whereas, people who are career criminals likely receive lesser sentences than she is here. Because her conduct was the result of dating the wrong man, **Grant, her relationship with him has ended** and it has no way to resume in any meaningful way, even if she wanted to resume it, which she does not.

5. Williams has already completed a substance abuse treatment program while incarcerated (see paragraph 112 of the PSI Report.)

6. American jurisprudence generally allows for consideration for "Battered Woman Syndrome." While

2

this case is not one where this defense would apply, it is worth mentioning that people who are severely battered and mistreated sometimes do horrible things. But the law gives consideration to the context in which those things are done, are allows for leniency in sentencing with respect to that context.

7. The PSI Report makes five recommendations as terms of her release, such as "that the defendant attend and participate in sex offender treatment." Given the numerous measures in place for her release, Williams would be a good candidate for a lesser sentence than the unreasonable USSG calculation.

8. Williams did take some of the girls involved to church. While this is totally illogical considering the activity she facilitated with those girls in this case, it shows that Williams has qualities that are redemptive. Given the opportunity to be released into society, she has shown the character and routines of someone who wants to help others.

9. Williams will be apologizing to this court for her actions.

10. **Williams provided substantial cooperation to law enforcement under 5K1.1**, but the government has not decided at the time of filing, or has not communicated to counsel, whether it will file the motion as to same. Thus, Williams requests that if no motion is filed, nor any on the record explanation is given by the government, as to why no follow-through as to Williams' cooperation has occurred, then she should be given an in-camera hearing on same information, so that this Court can decide whether she deserves a downward departure under 5K1.1.

Respectfully submitted, this 17th day of May, 2016.

                                              s/Joshua J. Campbell
                                              JOSHUA J. CAMPBELL
                                              GA BAR: 720007
                                              ATTORNEY FOR DEFENDANT

CAMPBELL LAW GROUP
420 W. Broughton St.
Savannah, Georgia 31401
(205) 317-3934
JoshCampbell.lawgroup@gmail.com

5

## CERTIFICATE OF SERVICE

I, the undersigned, certify that This Supplemental Sentencing Memorandum has been electronically submitted to Tonya Groover, AUSA, via the Notice of Electronic Filing (NEF) system.

This 17th day of May, 2016.

<u>s/Joshua J. Campbell</u>